# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**DARRELL L. MILES**                                                            **PLAINTIFF**

**v.**                                  **CIVIL ACTION NO. 3:18-CV-P116-CRS**

**SETH MITCHELL** *et al.*                                              **DEFENDANTS**

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's *pro se* motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) (DN 15) of this Court's November 13, 2018, Memorandum Opinion and Order dismissing this action on initial review pursuant to 28 U.S.C. § 1915A (DNs 13 & 14).

A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Rule 59(e) motions "are not at the disposal of an unsuccessful party to 'rehash' the same arguments and facts previously presented." *Rouse v. Nielsen*, 851 F. Supp. 717, 734 (D.S.C. 1994) (quoting *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. 1991)).

Plaintiff fails to allege a clear error of law, newly discovered evidence, or an intervening change in controlling law. Therefore, the Court presumes that he is arguing a need to prevent manifest injustice. The Court has reviewed its prior decision and finds Plaintiff offers no arguments that would cause this Court to alter or amend its decision. Accordingly,

**IT IS ORDERED** that the Rule 59(e) motion for reconsideration (DN 15) is **DENIED**.

In the same motion, Plaintiff seeks to amend the complaint to add recent claims and to add new parties. "'Although leave to amend a complaint should be granted liberally when the motion is made pretrial, different considerations apply to motions filed after dismissal.'" *Russell v. GTE Gov't Sys. Corp.*, 141 F. App'x 429, 436 (6th Cir. 2005) (quoting *In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*, 174 F.R.D. 444, 446 (E.D. Mo. 1997), *aff'd*, 172 F.3d 623 (8th Cir. 1999)). "Amendments after judgment should only be allowed if the standards under Rule 59(e) or 60(b) are met." *Russell*, 141 F. App'x at 436. Plaintiff fails to meet either standard.

**IT IS THEREFORE ORDERED** that the motion to amend the complaint (DN 15) is **DENIED**.

Date: July 25, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Counsel of Record
4411.005